Hearing Date & Time:  January 12, 2017 at 10:00 a.m.
Objection Deadline:  January 5, 2017

HERRICK, FEINSTEIN LLP
*Attorneys for BSD Management Group, LLC*
Avery S. Mehlman
Hanh V. Huynh
Two Park Avenue
New York, NY  10016
(212) 592-1400
amehlman@herrick.com
hhuynh@herrick.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x
                                      :
In re:                                :    Chapter 11
                                      :
BSD MANAGEMENT GROUP LLC,             :    Case No.:  16-13377 (MEW)
                                      :
            Debtor.                   :
                                      :
                                      :
------------------------------------- x

## DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") to consider the motion (the "Motion") of BSD Management Group LLC (the "Debtor"), seeking entry of an order dismissing the Debtor's above-captioned chapter 11 case, shall be held before the Honorable Judge Michael E. Wiles, Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York, at One Bowling Green, New York, New York 10004 on **January 12, 2017 at 10:00 a.m.** (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion, if any, must be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General order M-242 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov), by registered users of the Bankruptcy Court's case

filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers), and shall be served in accordance with General Order M-242 upon (a) counsel for the Debtor, Herrick, Feinstein LLP, 2 Park Avenue, New York, NY 10016 (Attn.: Hanh V. Huynh); (b) the Office of the United States Trustee; and (c) all parties who have timely filed requests for notice under Rule 2002 of the Bankruptcy Rules, so as to be received no later than **January 5, 2016 at 4:00 p.m.** (prevailing Eastern Time).

Dated: New York, New York
December 21, 2016

        HERRICK, FEINSTEIN LLP
        *Attorneys for BSD Management Group LLC*

        By:    */s/ Hanh V. Huynh*
            Avery S. Mehlman
            Hanh V. Huynh
        Two Park Avenue
        New York, NY 10016
        (212) 592-1400
        (212) 592-1500
        amehlman@herrick.com
        hhuynh@herrick.com

HERRICK, FEINSTEIN LLP
*Attorneys for BSD Management Group, LLC*
Avery S. Mehlman
Hanh V. Huynh
Two Park Avenue
New York, NY  10016
(212) 592-1400
amehlman@herrick.com
hhuynh@herrick.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re: | Chapter 11 |
| BSD MANAGEMENT GROUP LLC, | Case No.: 16-13377 (MEW) |
| Debtor. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE

BSD Management Group LLC (the "Debtor"), by its counsel Herrick, Feinstein LLP, submits this motion (the "Motion") seeking entry of an order substantially in the form annexed as Exhibit A, pursuant to section 1112(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), dismissing the Debtor's above-captioned chapter 11 case (the "Chapter 11 Case"). In support of the Motion, the Debtor respectfully represents as follows:

### BACKGROUND

1. The Debtor commenced the Chapter 11 Case on December 2, 2016 (the "Petition Date").

2. Prior to the Petition Date, the Debtor became the assignee of a certain Contract of Sale - Condominium Unit dated as of September 29, 2016 (the "Sale Contract") to purchase condominium unit 45H located at Trump Tower, 721 Fifth Avenue, New York, New

York (the "Condo Unit") from Kritikos Real Estate Holdings, LLC, a Delaware limited liability company (the "Seller") for a total purchase price of $2.5 million. The assignment of the Sale Contract is evidenced by that certain Assignment and Assumption Agreement dated November 21, 2016 (the "Assignment"). A deposit in the amount of $250,000 (the "Deposit") was delivered under the Sale Contract, and currently is held in escrow by Old Republic National Title Insurance Company (the "Escrow Agent").

3.  The closing on the sale of the Condo Unit was adjourned from time to time, and was finally scheduled for a time of the essence closing on December 5, 2016 at 10:00 a.m. Requiring additional time to obtain financing to close on the purchase of the Condo Unit, the Debtor commenced the Chapter 11 Case to extend the time to close for an additional sixty days pursuant to section 108(b) of the Bankruptcy Code.

4.  Following the Petition Date, the Debtor and the Seller have engaged in discussions regarding disposition of the Deposit. The parties have reached a consensual resolution that provides for (i) the dismissal of the Chapter 11 Case, (ii) a termination of the Sale Contract, and (iii) the release of a portion of the Deposit in the amount of $75,000 to the Debtor, with the remaining $175,000 of the Deposit to be released to the Seller.

5.  In order to effectuate the terms of the settlement between the parties, the Debtor seeks to voluntarily dismiss its Chapter 11 Case, now that the purpose for the bankruptcy filing has been fully resolved.

**BASIS FOR RELIEF REQUESTED**

6.  Section 1112(b) of the Bankruptcy Code provides that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause." 11 U.S.C. § 1112(b)(1). Bankruptcy Rule 1017 requires

2

notice and hearing of a motion to dismiss a case, even if the dismissal is by consent of the parties. FED. R. BANKR. P. 1017(a).

       7. Although section 1112(b)(4) lists sixteen examples constituting cause to convert or dismiss, the list is not exhaustive and the Court may consider other factors. *See, e.g., In re Ameribuild Constr. Mgmt., Inc.*, 399 B.R. 129, 131 n.3 (Bankr. S.D.N.Y. 2009). Absent unusual circumstances, a bankruptcy court will convert or dismiss a chapter 11 case, "whichever is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). In determining whether dismissal or conversion is in the best interests of creditors and the estate, courts may consider the following factors:

    i. whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal;

    ii. whether there would be a loss of rights granted in the case if it were dismissed rather than converted;

    iii. whether the debtor would simply file a further case upon dismissal;

    iv. the ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors;

    v. in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise;

    vi. whether any remaining issues would be better resolved outside the bankruptcy forum;

    vii. whether the estate consists of a "single asset;"

    viii. whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests;

    ix. whether a plan has been confirmed and whether any property remains in the estate to be administered; and

    x. whether the appointment of a trustee is desirable to supervise the estate and address possible environmental safety concerns.

7 Collier on Bankruptcy ¶ 1112.04[7] (16th ed. 2009).

8. Cause here exists to dismiss the Chapter 11 Case. The exigencies requiring the Debtor to commence the Chapter 11 Case in order to preserve the Deposit have been fully resolved consensually between the Debtor and the Seller and there is no further purpose in continuing the Chapter 11 Case. The resolution of the parties' dispute will permit the orderly disposition of the Deposit to the Debtor and the Seller, the discharge of the Escrow Agent of his obligations in connection with the Deposit, and termination of the Sale Contract.

9. Furthermore, dismissal of the Chapter 11 Case (rather than conversion to chapter 7) is in the best interest of the estate and creditors. Here, the Seller and the Debtor's only other creditor, the title company, consent to dismissal; there were no transfers made by the Debtor prior to the Chapter 11 Case; the Debtor's sole asset is its rights under the Assignment; there are no assets for a chapter 7 trustee to administer; and there are no concerns about equality of distributions to creditors. Every factor that courts may consider to determine whether to dismiss or convert is either not applicable or militates in favor of dismissal.

## **CONCLUSION**

For all the foregoing reasons, the Debtor respectfully requests that the Court enter an order dismissing the Chapter 11 Case, and grant the Debtor such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 21, 2016

>HERRICK, FEINSTEIN LLP
>*Attorneys for BSD Management Group LLC*
>
>By:   */s/ Hanh V. Huynh*
>      Avery S. Mehlman
>      Hanh V. Huynh
>Two Park Avenue
>New York, NY  10016
>(212) 592-1400
>(212) 592-1500
>amehlman@herrick.com
>hhuynh@herrick.com

5

# EXHIBIT A
# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | :| |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| BSD MANAGEMENT GROUP LLC, | : | Case No.: 16-13377 (MEW) |
| | : | |
| Debtor. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CONSENT ORDER DISMISSING CHAPTER 11 CASE

Upon the motion (the "Motion") of BSD Management Group LLC (the "Debtor"), seeking entry of an order, pursuant to section 1112(b) of title 11 of the United States Code (THE "Bankruptcy Code") and Rule 1017 of the Federal Rules of Bankruptcy Procedure, dismissing the Debtor's above-captioned chapter 11 case (the "Chapter 11 Case"); and due and proper notice of the Motion having been made on all creditors and interested parties, including to Kritikos Real Estate Holdings, LLC, a Delaware limited liability company (the "Seller") and Old Republic National Title Insurance Company (the "Escrow Agent"); and the Court having scheduled and held a hearing on the Motion on January 12, 2017 (the "Hearing"); and upon the record of the Hearing and this case; and the Court having found for the reasons set forth on the record of the Hearing; and upon the consent of the Debtor and the Seller; and Court having determined that the relief requested is in the best interests of the Debtor, its estate and creditors; and cause appearing therefor; it is hereby

**ORDERED**, that the Chapter 11 Case shall be, and hereby is, dismissed for cause; and it is further

**ORDERED**, that the Contract of Sale - Condominium Unit dated as of September 29, 2016 (the "Sale Contract") to purchase condominium unit 45H located at Trump Tower, 721 Fifth Avenue, New York, New York shall be and is hereby terminated; and it is further

**ORDERED**, that, within five (5) days of entry of this Order, the Escrow Agent shall release the $250,000 deposit made under the Sale Contract (the "Deposit") as follows: $75,000 of the Deposit (the "Debtor's Portion") shall be released to the Debtor in accordance with the Debtor's instructions, and $175,000 of the Deposit (the "Seller's Portion") shall be released to the Seller in accordance with the Seller's instructions; and it is further

**ORDERED**, that following the Debtor's receipt of the Debtor's Portion as set forth above, the Debtor, together with all the Debtor's predecessors and members and its and their affiliates, subsidiaries, officers, directors, shareholders, successors, assigns, alter egos, attorneys, agents, employees, insurers and legal and personal representatives, or any other person or entity acting on their or its behalf (collectively, the "Purchaser Parties") shall (i) have no further right in or to the remainder of the Deposit or to the Sale Contract and (ii) release and forever discharge Seller and Seller's members and its and their affiliates, subsidiaries, officers, directors, shareholders, successors, assigns, alter egos, attorneys, agents, employees, insurers and legal and personal representatives (collectively, the "Seller Parties") from and against any and all claims (whether now known or hereafter discovered), demands, debts, obligations, lawsuits, causes of action, costs, expenses, attorneys' fees, liabilities, and indemnities of any nature whatsoever, whether known or unknown, whether based on contract, tort, statutory or other legal or equitable theory of recovery, which the Purchaser Parties had, now have, claim or may hereafter assert against the Seller Parties relating to or arising from the Deposit, the Sale Contract, or the transactions contemplated therein; and it is further

**ORDERED**, that the Debtor shall pay all accrued quarterly fees of the United States Trustee.

2

Dated: New York, New York
       _____, 2017

                                          _____
                                          UNITED STATES BANKRUPTCY JUDGE